UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KURT PHILIP, also known as Kurt Phillip,

                              Plaintiff,
                                                                                              9:10-CV-0643
v.                                                                                       (FJS/GHL)

WILLIAM D. BROWN and YASIN LATIF,

                              Defendants.
_____

APPEARANCES:                                       OF COUNSEL:

KURT PHILIP, also known as Kurt Phillip
99-A-3711
Plaintiff *pro se*
Eastern New York Correctional Facility
Box 338
Napanoch, NY 12458

HON. ERIC T. SCHNEIDERMAN              CHARLES J. QUACKENBUSH, ESQ.
Attorney General for the State of New York
Counsel for Defendants
The Capitol
Albany, NY 12224

GEORGE H. LOWE, United States Magistrate Judge

## REPORT-RECOMMENDATION

      This *pro se* prisoner civil rights action, commenced pursuant to 42 U.S.C. § 1983, has been referred to me for Report and Recommendation by the Honorable Frederick J. Scullin, Jr., Senior United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c). Plaintiff Kurt Philip alleges that Defendants violated his right to equal protection by denying him permission to attend his father's funeral. Currently pending before the Court is Defendants' motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure

12(b)(6). (Dkt. No. 14.) For the reasons that follow, I recommend that Defendants' motion be denied.

**I.     BACKGROUND**

Plaintiff alleges that on March 3, 2009, Defendant Yasin Latif (the chaplain of Eastern Correctional Facility) called Plaintiff into his office, informed Plaintiff that his father had died, and asked if Plaintiff wanted to attend the funeral services. (Dkt. No. 1 ¶¶ 3, 8.) Plaintiff told Defendant Latif that he wanted to attend the services. *Id*. ¶ 9. Defendant Latif completed an application for Plaintiff to attend the services. *Id*. ¶ 16. On the application, Defendant Latif listed the deceased as Plaintiff's stepfather despite being aware that the deceased had adopted Plaintiff in 1988. *Id*. ¶¶ 12,16. On March 9, 2009, Defendant William Brown (the superintendent of Eastern Correction Facility) denied the application because the deceased was Plaintiff's stepfather. *Id*. ¶ 17, Ex. A ("stepfather not permitted."). Defendant Brown was aware that the deceased had adopted Plaintiff and also knew that the deceased "had been listed as Plaintiff's father on all of his DOCS documentation." *Id*. ¶¶ 12-13.

Plaintiff alleges that Defendants Latif and Brown had previously approved applications by similarly situated inmates to attend the funerals of their stepparents. *Id*. ¶¶ 18-21. Specifically, Plaintiff alleges that inmates Michael Deveaux and William Anthony Evans were each allowed to attend services for their stepparents. *Id*. Plaintiff asserts that because of the similarities between himself, Deveaux, and Evans, "there must have been a malicious purpose for said treatment." *Id*. ¶ 27. He states that he "has done nothing to Latif but fail to join the Muslim community at Eastern Correctional Facility." *Id*. ¶ 28.

On March 16, 2009, Plaintiff filed a grievance with the Institutional Grievance

Committee ("IGRC").  *Id*. ¶ 23.  On March 23, 2009, the IGRC unanimously agreed that Plaintiff should have been permitted to attend the funeral because, at a minimum, the deceased was Plaintiff's legal guardian pursuant to Correction Law § 113 and Directive 4901.  *Id*. ¶ 24.

On April 3, 2009, Defendant Brown "personally heard and decided the appeal of the IGRC decision and reversed said decision . . . ."  *Id*. ¶ 25.  Plaintiff appealed and on May 13, 2009, the Central Office Review Committee ("CORC") unanimously accepted Plaintiff's grievance "in part."  *Id*. ¶ 26.  However, the CORC did not specify which part of Plaintiff's grievance it was accepting and which it was rejecting.  *Id*.

Plaintiff filed this action on June 1, 2010, seeking money damages.  (Dkt. No. 1.)  Essentially, Plaintiff's complaint is that Defendants (1) erroneously classified his father as his stepfather; and then (2) denied him permission to attend the funeral on the basis of a policy against funeral visits for stepparents, despite allowing other inmates to attend stepparents' funerals.  Defendants now move to dismiss the complaint.  (Dkt. No. 14.)  Plaintiff opposes the motion.  (Dkt. No. 15.)

## II.     LEGAL STANDARD GOVERNING MOTIONS TO DISMISS FOR FAILURE TO STATE A CLAIM

A defendant may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) on the ground that the complaint fails to state a claim upon which relief can be granted.  In order to state a claim upon which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to

relief that is *plausible* on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (emphasis added).  "Determining whether a complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and common sense . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not shown -- that the pleader is entitled to relief." *Id.* at 1950 (internal citation and punctuation omitted).

"In reviewing a complaint for dismissal under Rule 12(b)(6), the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). Courts are "obligated to construe a *pro se* complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949.

### III. ANALYSIS

Plaintiff alleges that Defendants violated his right to equal protection by denying him the opportunity to attend his father's funeral. (Dkt. No. 1 ¶ 1.)  Defendants argue that the complaint fails to state an equal protection claim.  (Dkt. No. 14-1 at 4-5.)

The Equal Protection Clause provides that "no State shall . . . deny to any person within its jurisdiction the equal protection of the laws."  U.S. Const. amend. XIV, § 1.  This is "essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). The Equal Protection Clause "bars the government from selective adverse treatment of individuals compared with other similarly

situated individuals if 'such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person.'" *Bizzarro v. Miranda*, 394 F.3d 82, 86 (2d Cir. 2005) (quoting *LeClair v. Saunders*, 627 F.2d 606, 609-10 (2d Cir. 1980)).  Governmental action may also violate the Equal Protection Clause where the defendants intentionally treat the plaintiff "differently from others with no rational basis for the difference in treatment." *Id*. (citing *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)).  Thus, a plaintiff asserting an equal protection claim must allege facts plausibly suggesting that (1) he was treated differently from similarly situated individuals; and (2) the defendants treated him differently due to his membership in a suspect class, inhibited his exercise of a fundamental right, acted out of malice, or acted irrationally and arbitrarily.

     Plaintiff alleges that he was similarly situated to two individuals who received approval to attend the funerals of stepparents.  (Dkt. No. 1 ¶¶ 18-19.)  Plaintiff alleges that (1) Defendant Latif had "previously submitted the application of his congregant and Eastern Correctional Facility inmate Michael Deveaux (Deveaux) for a funeral/deathbed visit for his stepfather Kenneth Newkirk . . . and such application was approved;" and (2) "Brown had designated the approval of William Anthony Evans (Evans) for a funeral visit for Evans' stepmother 68 days before Brown denied Plaintiff's application." *Id*.  Defendants do not argue that the complaint fails to sufficiently identify any similarly-situated individuals.  (Dkt. No. 14-1 at 6.)   I find that the complaint sufficiently alleges that Plaintiff was treated differently from other similarly-situated individuals.

     Defendants argue that the complaint fails to state an equal protection claim because (1) Plaintiff has not alleged that he is a member of any protected class; (2) Plaintiff has not alleged

5

that Defendants infringed upon any fundamental right; (3) Plaintiff has not alleged facts plausibly suggesting that Defendants acted out of malice; and (4) there was a rational basis for Defendants' actions.  (Dkt. No. 14-1 at 4-6.)  For the reasons discussed below, I find that Plaintiff has not alleged that he is a member of any protected class, Plaintiff has not alleged that Defendants infringed upon any fundamental right, Plaintiff has alleged facts plausibly suggesting that Defendant Latif acted maliciously, and Plaintiff has alleged facts plausibly suggesting that Defendant Brown acted irrationally and arbitrarily.

Plaintiff concedes that the complaint does not allege that he was discriminated against based upon his membership in any suspect class.  (Dkt. No. 15 ¶ 3.)  Plaintiff does not request leave to amend his complaint to state such a claim.  Therefore, I find that Plaintiff has not stated an equal protection claim based upon Plaintiff's membership in any suspect class.

As Defendants correctly note, Plaintiff was not deprived of any fundamental right.  In analyzing whether a fundamental right is implicated, courts examine not only equal protection jurisprudence but also whether the right at issue has been held to be a liberty or property interest protected by the Due Process Clause.  *See Cruzan v. Mo. Dept. of Health*, 497 U.S. 261, 303-04 (1990) (Brennan, J., dissenting).  Neither the United States Constitution nor New York state law creates a protected liberty or property interest in being granted permission to attend a loved one's funeral.  *Hamilton v. Smith*, No. 06-CV-805, 2009 U.S. Dist. LEXIS 910321, at *57-58, 2009 WL 3199531, at *19 (N.D.N.Y. Jan. 13, 2009); *Jackson v. Portuondo*, No. 9:01-CV-00379, 2007 U.S. Dist. LEXIS 11621, 2007 WL 607342, at *10-12 (N.D.N.Y. Feb. 20, 2007); *Smith v. Fischer*, No. 9:07-CV-1264, 2009 U.S. Dist. LEXIS 129478, at *41-42, 2009 WL 632890 (N.D.N.Y. Feb. 2, 2009); and *Verrone v. Jacobson*, No. 95 Civ. 10495, 1999 U.S. Dist. LEXIS

3593, at *14, 1999 WL 163197, at *5 (S.D.N.Y. Mar. 23, 1999).[1]  Therefore, Plaintiff has not alleged that Defendants deprived him of a fundamental right.

Plaintiff has alleged facts plausibly suggesting that Defendant Latif acted maliciously.[2] Defendants argue that Plaintiff has failed to state a claim on a malice theory because "[w]ith no factual basis he simply speculates that there must have been a malicious purpose for his differing treatment."  (Dkt. No. 14-1 at 6.)  Defendants do not note Plaintiff's allegation that he "has done nothing to Latif but fail to join the Muslim community at Eastern Correctional Facility."  (Dkt. No. 1 ¶ 28.)  Accepting the allegations of the complaint as true and granting Plaintiff the speical solicitude to which he is entitled as a *pro se* civil rights litigant, this allegation plausibly suggests, just barely, that Defendant Latif bore animus toward Plaintiff because Plaintiff had not joined the Muslim community at Eastern Correctional Facility.  Therefore, I find that the complaint states a class of one equal protection claim against Defendant Latif and recommend that the Court deny Defendants' motion to dismiss the claim against Defendant Latif.

The complaint alleges facts plausibly suggesting that Defendant Brown acted arbitrarily and irrationally.  Defendants argue that Defendant Brown acted rationally because he merely "made a mistake by accepting information provided by [P]laintiff's brother [that the deceased was Plaintiff's stepparent] at face value."  (Dkt. No. 14-1 at 6.)  Defendants' argument misstates the thrust of Plaintiff's complaint.  The complaint does not allege simply that Defendant Brown

---

[1]     Defendants served these unpublished cases on Plaintiff with their moving papers. (Dkt. Nos. 14-3, 14-4, 14-6, 14-8.)

[2]     An equal protection claim premised on the defendant's malicious intent or irrational/arbitrary behavior, rather than on the plaintiff's membership in a suspect class or the implication of a fundamental right, is referred to as a class of one equal protection claim.  *Ruston v. Town of Skaneateles,* 610 F.3d 55, 58 (2d Cir. 2010); *Assoko v. City of New York*, 539 F. Supp. 2d 728, 734-35 (S.D.N.Y. 2008).

mistakenly classified the deceased as Plaintiff's stepparent and then properly denied the application on that basis.  Rather, the complaint alleges that Defendant Brown denied Plaintiff's application to attend his father's funeral on the ground that "stepfather not permitted" despite knowing that the deceased was Plaintiff's adoptive father and despite the fact that he had previously approved other inmates' requests to attend their stepparents' funerals.  (Dkt. No. 1 ¶¶ 12-13, 19.)  The complaint further alleges that when the IGRC agreed with Plaintiff that he should have been allowed to attend the funeral, Defendant Brown "personally heard and decided the appeal of the IGRC decision and reversed said decision . . . . "  *Id.* ¶ 25.  These facts plausibly suggest that Defendant Brown acted irrationally (because he knew that the deceased was Plaintiff's adoptive father rather than his stepfather) and arbitrarily (because he had previously approved other inmates' applications to attend stepparent funerals).  Therefore, I find that the complaint states a class of one equal protection claim against Defendant Brown and recommend that the Court deny Defendants' motion to dismiss as to Defendant Brown.

    **ACCORDINGLY**, it is

    **RECOMMENDED** that Defendants' motion to dismiss for failure to state a claim (Dkt. No. 14) be **DENIED**.

    Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing

*Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a).


Dated: February 4, 2011
      Syracuse, New York

                                              George H. Lowe
                                              United States Magistrate Judge